IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **STARR INDEMNITY & LIABILITY COMPANY** | § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:22-cv-64-HSO-RHWR |
| | § § | |
| **PREMIER CRANEWORKS, LLC, et al.** | § § | **DEFENDANTS** |

**ORDER REQUIRING PLAINTIFF TO BRIEF SUBJECT-MATTER JURISDICTION OR FILE AN AMENDED COMPLAINT THAT ADDRESSES SUBJECT-MATTER JURISDICTION**

This matter is before the Court sua sponte to consider its subject-matter jurisdiction over this case. Plaintiff Starr Indemnity & Liability Company ("Plaintiff") has not addressed subject-matter jurisdiction in its Complaint [1] and it is not facially apparent from the Complaint [1] that subject-matter jurisdiction exists. Plaintiff is required to brief this issue or file an amended complaint on or before **April 20, 2022**.

"Federal Courts are courts of limited jurisdiction" and must presume a civil action lies outside that limited jurisdiction until the party seeking the federal forum meets its burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing federal

jurisdiction rests upon the party asserting it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

There are two primary bases for federal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Under 28 U.S.C. § 1331, the Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1332, "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Where jurisdiction is based on an allegation of diversity of citizenship, the citizenship of the parties must be "distinctly and affirmatively alleged." *Howery*, 243 F.3d at 919 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). The basis of jurisdiction cannot be established argumentatively or by mere inference. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008).

No federal question is apparent on the face of the Complaint [1], and the Complaint [1] lacks the information required to determine if diversity jurisdiction is present. Specifically, Plaintiff has failed to allege its citizenship and merely claims that it "is a foreign insurer licensed to do and doing business in the State of Mississippi." Compl. [1] at 1. Plaintiff provides no information on what type of entity it is or of what state(s) it is a citizen. Furthermore, Plaintiff has also failed to "specifically allege the citizenship of every member of every LLC" involved in this

case. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). The only member of Defendants Premier Craneworks, LLC and Park Place Investments, LLC identified by Plaintiff and whose citizenship is alleged is Defendant Wayne Borries. Compl. [1] at 2-3. Plaintiff claims to be proceeding under diversity jurisdiction, but in order to do so it must provide the parties' citizenship. *See* Compl. [1] at 3.

**IT IS, THEREFORE ORDERED AND ADJUDGED** that, Plaintiff must on or before **April 20, 2022**, file a brief or amended complaint that distinctly and affirmatively alleges the parties' citizenship.

**SO ORDERED AND ADJUDGED**, this the 6th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE